SAMUEL SHEPPARD, plaintiff in error, vs. SIMEON BLUE, et al., defendants in error.

To entitle the heirs at law of an estate to the writ of *ne exeat* against the administrator, it is not necessary that the bill should charge that the securities upon the administration are insolvent, provided the other allegations are sufficient.

Equity, from Marion; motion to dismiss *ne exeat*. Decided by Judge WORRILL, March Term, 1858.

Simeon Blue and others, complainants, filed this their supplemental bill against Samuel Sheppard, alleging that in January, 1854, they filed their bill against Samuel Stubb and the defendant, Sheppard, as the administrators of Benton W Dowd, deceased; and that by said bill they called upon the defendants, as the administrators of said Benton W. Dowd for an account and settlement with them, as the heirs at law

Sheppard vs. Blue et al.

and distributees of the said Benton; and by said bill they claimed a large sum of money, and called upon the defendant for a full discovery of his actings and doings, as such administrator, and for a full settlement, &c.; that said defendant filed his answer, and an order was taken, setting down said case for trial, which case is still pending and undetermined. That at the time of filing said bill, defendant was a citizen of this county, possessing real and personal estate in this county amply sufficient to respond to any decree that might be rendered against him in said case. That from the inventory of the estate of said Dowd, and from the sales of property of said estate, and from the returns of said defendant to the Ordinary, and from the best calculation complainants can make, &c., they are entitled to $3,000 from said defendant, and are entitled and expect to recover it. That since the filing of their said bill, defendant has sold out his real estate in the county, and is preparing to remove with all his property beyond the limits of the State, and jurisdiction of this Court; and that the defendant says he is going to remove beyond the jurisdiction of this Court; and that before they can get any decree in said case, he *will* remove with all his property beyond · the jurisdiction of this Court; and that they will lose the whole amount of their claim unless he is restrained by the power of the Court; and without this, complainants are wholly remediless, and stand ready to comply with orders, &c., of the Court, touching the original as well as the supplemental bill. The prayer was for a writ of *ne exeat regno*, which was granted.

The defendant moved to discharge the writ of *ne exeat*, on the ground that it was improperly and improvidently granted; because, at the time the defendant removed from the State of Georgia, and at the time the same was granted, Solomon Wall, Richard Bosworth and Fielding Jackson were securities on his bond, as administrator, and that said bill contained no allegations of the solvency or insolvency of said securities.

Sheppard vs. Blue et al.

The Court overruled said motion; whereupon, defendant's counsel excepted, and assign the same as error.

BLANFORD & CRAWFORD, for defendant in error.

ELAM & OLIVER, for plaintiff in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

There was a bill filed for an account by the heirs of Benton W. Dowd, deceased, against Samuel Sheppard, the administrator upon the estate. After the answer came in, a supplemental bill was filed, praying for the writ of *ne exeat.* In this last bill the complainants allege, that there is $3,000 due them by the administrator; that he has disposed of his real estate in Georgia, and is about removing to the State of Alabama. They expressly allege, in the supplemental bill, that they will lose the whole amount of their claim, unless the defendant is restrained from leaving the State.

Judge WORRILL sanctioned the bill, and a *ne exeat* issued and was executed. A motion was made to dismiss the *ne exeat,* upon the ground that there was no averment in the bill, that the securities upon Sheppard's administration bond were insolvent.

An allegation to this effect is not necessary. The complainants are entitled to all the security which the administration bond gave them; that of the principal as well as his bondsmen. It is explicitly charged, that if the principal be not restrained from going abroad, the claim will be lost. With the truth of this allegation we have nothing to do.

This is equitable bail. Suppose there be two parties severally bound as maker and surety upon a promissory note; an action is brought at law against the maker, and bail process is sued out—could the defendant dissolve the bail by alleging the solvency of the surety? We apprehend not.

Is it ·clear that a Court of Equity would not let the princi-
pal go free, and thereby impose the liability upon the securi-
ties who, under the Act of 1813, are entitled to this very rem-
edy against this principal?

Judgment affirmed.